BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
BRUCE K. RIORDAN (Cal. Bar No. 127230)
Assistant United States Attorney
Violent and Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0552/0480
    Facsimile: (213) 894-2927
    E-mail:    Reema.El-Amamy@usdoj.gov
              Bruce.Riordan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:24-CR-00570-WLH |
| Plaintiff, | <u>STATUS REPORT RE: UNINDICTED CO-CONSPIRATOR #1 AND DEFENDANT SAFETY CONCERNS</u> |
| v. | |
| CLAIRE PATRICIA HAVILAND, et al., | |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and Bruce K. Riordan, provides the following update to the Court regarding unindicted co-conspirator #1 and safety concerns related to various defendants and unindicted co-conspirators.

On or about May 21, 2025, unindicted co-conspirator #1 was murdered while in state custody.[1] Government counsel learned about the murder of unindicted co-conspirator #1 through a press release published the day after his murder. Unindicted co-conspirator #1 was a high-ranking Aryan Brotherhood ("AB") associate. The government has received credible information from one or more sources that unindicted co-conspirator #2 exercised a leadership role with respect to the greenlight on unindicted co-conspirator #1. Unindicted co-conspirator #2 is an AB member who is currently in custody. This credible information has yet to be verified independently by the government.

The government provides this report to the Court to document its efforts following the murder of unindicted co-conspirator #1.

1. The government recently learned of a greenlight on unindicted co-conspirator #40 related to the greenlight on unindicted co-conspirator #1. The government made appropriate notifications to the Federal Bureau of Prisons ("BOP") so that safety measures could be taken with respect to unindicted co-conspirator #40.

2. The government learned about potential threats of violence towards one or more defendants in this matter. When any **non-speculative** threats are received by the government, **they are promptly communicated to counsel for that particular defendant**. If any attorney has not received specific information regarding a threat to his/her client, it means

---

[1] See https://www.cdcr.ca.gov/news/2025/05/21/kern-valley-state-prison-officials-investigating-the-death-of-an-incarcerated-person-as-a-homicide-9/.

    that the government has not received **non-speculative** information regarding any threat of violence as to that defendant.

3. Understandably, many defendants and their counsel have been very disturbed after the murder of unindicted co-conspirator #1 and any implications as to the safety concerns.  The government has been responding to numerous individual requests for telephone calls from counsel in this matter.  Initially, this was handled by undersigned government counsel.  However, given the volume of calls and the urgency regarding various questions, the **government issued cellular telephone number** of the primary case agent in this matter was circulated to counsel for defendants as a primary starting point for discussions regarding any safety concerns in this matter.  Law enforcement resources will be expended as necessary to ameliorate any safety concern.

4. The government has communicated with BOP at the Metropolitan Detention Center ("MDC") as appropriate regarding safety concerns, including considering the murder of unindicted co-conspirator #1.  The government has also alerted BOP MDC of likely possession and use of drugs by one or more defendants in custody so that BOP MDC may independently evaluate any in custody disciplinary actions towards defendants in this matter who use or possess drugs.  Drug use while discussing acts of violence with others is a dangerous combination in these circumstances, and the government will continue to make disclosures regarding disciplinary infractions to MDC.

5. The government is in the process of obtaining communications made, to date, by custodial inmates, including those made through covert and/or unsanctioned means. This includes using another inmate's assigned telephone identification number. This is a very time-consuming process and will take several weeks.

6. The government continues to communicate with the California Department of Corrections and Rehabilitation as needed.

7. The government has shared with **all defense counsel** any credible threat of violence it receives that it believes to be appropriate to share with all defense counsel, so that defense counsel may communicate amongst themselves the safety of defendants in this matter. The government makes such group disclosures **only when** nothing in a group disclosure will harm one or more defendant.

The government provides this status report to the Court for transparency regarding its actions regarding safety issues and to have a clear record regarding what steps it takes. Moreover, it is important to the government to inform the Court of the serious

//
//
//
//
//
//
//
//
//

4

nature of any safety concerns for the majority of defendants, particularly, if, in the future, the government requests additional measures related to safety.

RESPECTFULLY SUBMITTED,

DATED: June 1, 2025             BILAL A. ESSAYLI
                                United States Attorney

                                DAVID T. RYAN
                                Assistant United States Attorney
                                Chief, National Security Division


                                 /s/ Reema M. El-Amamy
                                REEMA M. EL-AMAMY
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA